Kevin P. McCulloch (KM0530)
Nate A. Kleinman (NK3168)
THE MCCULLOCH LAW FIRM, PLLC
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
kevin@mccullochiplaw.com
nate@mccullochiplaw.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BOEHM; PAUL SPINELLI, <br><br> *Plaintiffs*, <br><br> v. <br><br> SPORTSMEM, LLC; SPORTSMEM, INC., <br><br> *Defendants*. | Civil Case No. <br><br><br> **COMPLAINT** <br> **JURY TRIAL DEMANDED** |

Plaintiffs SCOTT BOEHM and PAUL SPINELLI ("Plaintiffs"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demand a trial by jury of all claims and issues so triable, and, as and for their Complaint against Defendant SPORTSMEM, LLC; and SPORTSMEM, INC. (together "Defendants") hereby assert and allege as follows:

### NATURE OF THE ACTION

1.      This is an action for copyright infringement and related claims brought against

Defendants for unauthorized and infringing uses of Plaintiffs' copyrighted photographs.

2.      Plaintiffs seek damages and other relief related to Defendants' knowing and willful infringements of Plaintiffs' copyrights in the original photographic works identified herein and that are the subject of this action.

## PARTIES

3.      Plaintiffs are professional photographers who make their living taking and licensing sports-related photographs.

4.      Plaintiff Scott Boehm ("Boehm") is a resident of the State of Illinois.

5.      Plaintiff Paul Spinelli ("Spinelli") is a resident of the State of California.

6.      Plaintiffs created and own the copyrights to their respective photographic works at issue in this action.

7.      Defendant SportsMem, LLC is a Delaware limited liability company with its principal address located at 8100 Nations Way, Jacksonville, Florida 32256.

8.      Defendant SportsMem, Inc. is a recently-dissolved Delaware corporation that also had a principal address located at 8100 Nations Way, Jacksonville, Florida.

9.      Upon information and belief, Defendant SportsMem, LLC is the successor in interest of all assets and liabilities previously belonging to Defendant SportsMem, Inc.

10.     Upon information and belief, at all times relevant to Plaintiffs' claims, Defendants have owned and operated a website located at the URL http://www.sportsmemorabilia.com, through which they advertise and sell various sports memorabilia products.

## JURISDICTION AND VENUE

11.     Jurisdiction for Plaintiffs' claims lie with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*.,

28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress related to copyrights).

12.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because, upon information and belief, a substantial portion of the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District and under 28 U.S.C. § 1400(a) because Defendants may be found in this District.

13.     This Court has personal jurisdiction over Defendants because they conduct substantial and ongoing business in the state of New York and in this District.

14.     Upon information and belief, Defendants purchase a substantial portion of memorabilia products from companies located in New York, and market, advertise, and sell products to customers located in New York and in this District.

## FACTUAL ALLEGATIONS

15.     Plaintiffs are freelance photographers who specialize in creating sports-related photography, including photographing games for the National Football League ("NFL"), National Collegiate Athletic Association ("NCAA"), and Major League Baseball ("MLB").

16.     Plaintiffs have created and own vast collections of photographs taken at professional sporting events.

17.     All of the photographs at issue in this action were created by Plaintiffs and they own all copyrights in and to the photographs.

18.     Plaintiff Boehm is the sole author and exclusive owner of all copyrights in and to the photographs identified in **Exhibit 1**, attached hereto.

19.     Plaintiff Spinelli is the sole author and exclusive owner of all copyrights in and to

the photographs identified in **Exhibit 2**, attached hereto.

20.      Defendants have advertised, displayed, sold, and/or distributed *hundreds* of products featuring unauthorized copies of Plaintiffs' photographs, including on canvases and other prints, on and through their retail website.

21.      Defendants also have offered for sale and sold infringing products on third-party web platforms, including Amazon.com and eBay.com.

22.      Upon information and belief, in addition to purchasing unauthorized products for resale, Defendants have printed and distributed their own copies of Plaintiffs' photographs for sale on their website and at autograph signing events.

23.      Upon information and belief, Defendants obtained at least some of the infringing products at issue from a memorabilia company called "Legends of the Field," which previously operated numerous retail stores in Wisconsin and Illinois.

24.      Defendants publicly claim that all of the products sold on their website are "certified 100% authentic and fully backed by the SportsMemorabilia.com authenticity guarantee."

25.      By copying, displaying and selling products featuring Plaintiffs' copyrighted photos, Defendants have profited from the unauthorized use of those photos.

26.      Defendants did not seek permission from Plaintiffs to copy, display, distribute, and/or sell products featuring Plaintiffs' photos.

27.      Plaintiffs have not been compensated for any of the numerous sales of products featuring their copyrighted photos by Defendants.

28.      Plaintiffs have not been given proper credit for the numerous products offered for

sale and displayed on Defendants' website.

29.     Because information regarding the full scope of the use of Plaintiffs' photos by Defendants remains in their sole possession, the full scope of Defendants' infringement has not yet been ascertained.

30.     The photos and usage information shown in the Exhibits attached hereto are not intended to be exhaustive lists, but rather a sampling of the infringements Plaintiffs have been able to find to date.

<u>COUNT I</u>
**COPYRIGHT INFRINGEMENT**

31.     Plaintiffs repeat and re-allege each allegation set forth above as if set forth fully herein.

32.     Plaintiff Boehm is the author and registered copyright owner of his creative works identified in Exhibit 1.

33.     Plaintiff Spinelli is the author and registered copyright owner of his creative works identified in Exhibit 2.

34.     Plaintiffs have registered their copyrights in each of the subject photographs with the U.S. Copyright Office.

35.     Defendants copied, displayed, distributed, and/or sold Plaintiffs' creative works without license or permission, in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

36.     Defendants' infringements were willful, intentional, and/or reckless.

37.     Defendants are sophisticated, experienced sports memorabilia dealers and knew or should have known that any products not containing an official logo, hologram or other mark of the respective professional sports leagues was unauthorized and infringing.

38.     By copying, distributing, displaying, publishing, and otherwise exploiting

Plaintiffs' copyrighted works, Defendants infringed Plaintiffs' copyrights in the creative works identified herein and caused Plaintiffs significant injuries, damages, and losses in amounts to be determined at trial.

39.     Plaintiffs seek all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profit attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution from any diminution in the value of Plaintiffs' copyrighted works.

40.     Plaintiffs also seek all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiffs respectfully pray for judgment on their behalf and for the following relief:

1.     A trial by jury of all claims and issues so triable;

2.     A preliminary and permanent injunction against Defendants from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted works identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiffs' photographs and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendants;

3.     All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiffs' loss of licensing revenue and Defendants' profits attributable to infringements, and damages suffered as a result of the lack of credit and attribution;

4.     Plaintiffs' full costs, including litigation expenses, expert witness fees, interest, and

any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating

this matter;

5.      Any other relief authorized by law, including punitive and/or exemplary damages;

and

6.      For such other and further relief as the Court deems just and proper.


Dated:  January 22, 2018

Respectfully submitted,

/s/ Kevin P. McCulloch
Kevin P. McCulloch
The McCulloch Law Firm
501 Fifth Avenue, Suite 1809
New York, New York 10017
Tel: (212) 355-6050
kevin@mccullochiplaw.com