UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
SCOTT BOEHM, et al., :
:
Plaintiffs, :
: 18-CV-556 (JMF)
-v- :
: MEMORANDUM OPINION
SPORTSMEM, LLC, et al., : AND ORDER
:
Defendants. :
:
------------------------------------------------------------------------ X

JESSE M. FURMAN, United States District Judge:

      In this action, brought pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, photographers Scott Boehm and Paul Spinelli ("Plaintiffs") allege that various sports memorabilia vendors have infringed their copyrights in certain photographs by displaying the photographs and offering them for sale on the internet.  *See* Docket No. 32 ("SAC").  Plaintiffs have settled or dismissed their claims against all Defendants save one, Signatures 4 U LLC ("Signatures"), which now moves pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss Plaintiffs' claims.  *See* Docket No. 147 ("Signatures Mem.").

      Signatures moves to dismiss for lack of personal jurisdiction.  A plaintiff bears the burden of demonstrating that personal jurisdiction exists, *see, e.g.*, *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010), a burden that changes as the litigation progresses: "Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction," and "[a]t that preliminary stage, the plaintiff's *prima facie* showing may be established solely by allegations." *Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84-85 (2d Cir. 2013) (per curiam) (quoting *Bell*

*v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)).  "After discovery, the plaintiff's *prima facie* showing . . . must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant."  *Id.* at 85 (*quoting Bell*, 902 F.2d at 197).  In all cases, when evaluating whether a plaintiff has made the requisite showing in the absence of an evidentiary hearing, a court must view the facts in the light most favorable to the plaintiff.  *See, e.g.*, *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011).

Because this is a federal question case, Signatures resides outside of New York, and the Copyright Act "does not specifically provide for national service of process," the Court must "apply the forum state's personal jurisdiction rules."  *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013) (internal quotation marks omitted).  Plaintiffs do not (and could not) assert that Signatures is subject to "general" personal jurisdiction in New York's courts — that is, personal jurisdiction for purposes of "any and all claims against [it]."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  Instead, they allege "specific" personal jurisdiction — that is, "case-linked" jurisdiction for purposes of these claims only.  *Id.*; *see* Docket No. 165 ("Pls.' Opp'n"), at 7-11.  In particular, Plaintiffs assert jurisdiction under the first prong of New York Civil Practice Law and Rules Section 302(a), which provides for personal jurisdiction "[a]s to . . . cause[s] of action arising from" a defendant's "transact[ing] any business within the state or contract[ing] anywhere to supply goods or services in the state," N.Y. C.P.L.R. § 302(a)(1); *see* Pls.' Opp'n 11.  Per the statute's plain terms, "jurisdiction is only proper under [Section 302(a)(1)] where the cause of action arises out of the subject matter of the business transacted."  *Best Van Lines, Inc. v. Walker*, No. 03-CV-6585 (GEL), 2004 WL 964009, at *2 (S.D.N.Y. May 5, 2004), *aff'd*, 490 F.3d 239 (2d Cir. 2007) (internal quotation marks omitted).  "A suit will be deemed to have arisen out of a party's activities in New York if there is

2

'an articulable nexus,' or a 'substantial relationship,' between the claim asserted and the actions that occurred in New York." *Henderson v. INS*, 157 F.3d 106, 123 (2d Cir. 1998) (internal quotation marks omitted). In fact, in the absence of some "affiliation between the forum and the underlying controversy, . . . specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) (internal quotation marks omitted).

Applying those standards here, the Court concludes that Plaintiffs have not satisfied their burden to allege personal jurisdiction for the simple reason that they have failed to plausibly allege *any* New York-based acts by Signatures out of which this suit might "aris[e]." N.Y. C.P.L.R. § 302(a). Notably, the Second Amended Complaint mentions Signatures only once — in a paragraph alleging that Signatures is a Florida limited liability company with a Florida address. *See* SAC ¶ 16. And while attachments to the Second Amended Complaint include charts matching thumbnail screenshots of the allegedly infringing conduct with the alleged infringers, *see* SAC Exs. 1-5, none of the charts display any infringing acts by Signatures — at least not legibly. Plaintiffs protest that they "have alleged that (i) a substantial portion of the misconduct giving rise to their claims occurred in this District, (ii) Defendant conducts substantial and ongoing business in the state of New York and in this District, and (iii) Defendant sells and markets products to residents of New York," citing Paragraphs 33-37 of the Second Amended Complaint. *See* Pls.' Opp'n 7. But those paragraphs say nothing about Signatures in particular, instead leveling only conclusory and highly general allegations about "Defendants'" conduct, in some instances "[u]pon information and belief." SAC ¶¶ 33-37.[1]

---

[1] Admittedly, a plaintiff may allege facts "'upon information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records LLC v.*

3

To be sure, nothing in the federal pleading standards, set forth in Rule 8 of the Federal Rules of Civil Procedure, "prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant." *Hudak v. Berkley Grp., Inc.*, No. 13-CV-89 (WWE), 2014 WL 354676, at *4 (D. Conn. Jan. 23, 2014); *accord City of Perry, Iowa v. Procter & Gamble Co.*, 188 F. Supp. 3d 276, 286 (S.D.N.Y. 2016). But a complaint "must provide a plausible factual basis to distinguish the conduct of each of the defendants," and "cannot force the various defendants to guess at the nature of its claims." *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12-CV-2837 (KBF), 2012 WL 6082387, at *6-7 (S.D.N.Y. Dec. 3, 2012), *aff'd*, 530 Fed. App'x 19 (2d Cir. 2013).  Thus, Rule 8 requires, "at a minimum, that a complaint give *each defendant* fair notice of what the plaintiff's claim is and the ground upon which it rests." *Medina v. Bauer*, No. 02-CV-8837 (DC), 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) (Chin, J.) (emphasis added) (internal quotation marks omitted).  The same principles apply to a plaintiff's allegations going to personal jurisdiction.  *See, e.g.*, *Chirag v. MT Marida Marguerite Schiffahrts*, 604 Fed. App'x 16, 19-20 (2d Cir. 2015) (requiring a "plausible allegation that [the defendant] had sufficient continuous and systematic contacts" with the forum state to give rise to general personal jurisdiction at the pleading stage); *FrontPoint Asian Event Driven Fund, L.P. v. Citibank, N.A.*, No. 16-CV-5263 (AKH), 2017 WL 3600425, at *6 (S.D.N.Y. Aug. 18, 2017) (holding that the plaintiffs had not carried their burden to allege personal jurisdiction at the pleading stage

---

*Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citations and internal quotation marks omitted).  But "such allegations must be accompanied by a statement of the facts upon which the belief is founded," and cannot rest on pure "conjecture and speculation." *JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 527 (S.D.N.Y. 2013).  Even assuming Plaintiffs' allegations in this case meet that standard, they are not enough to give rise to a plausible inference that *Signatures* itself committed the requisite acts in New York State.

4

because, "even if plaintiffs had adequately alleged that [defendants' allegedly collusive trading] was 'suit-related,' plaintiffs have failed to allege that the [defendants] actually engaged in such trading. Plaintiffs do not identify *any* specific trades or contracts that are alleged to have been collusive, nor do they identify which [defendants] were party to such transactions.").

Measured against those standards, Plaintiffs' allegations are plainly insufficient to allege personal jurisdiction over Signatures. The Second Amended Complaint is devoid of any allegation that Signatures did anything in New York — indeed, it fails to plausibly allege that Signatures itself did anything at all.[2] Plaintiffs have attempted to cure the latter defect by submitting a chart as an exhibit to a declaration in opposition to Signatures' motion to dismiss, displaying photographs that Signatures allegedly infringed — but the chart provides no evident connection between those acts of alleged infringement and New York State. *See* Docket No. 166-1. The Court doubts that a plaintiff can satisfy Section 302(a)(1) by relying on declarations or affidavits to show that the defendant has "transact[ed] . . . business" within New York State when the operative complaint itself fails to connect the defendant to any "cause of action" at all, much less one "arising from" New York-based activity. But even considering that and other material that Plaintiffs have submitted in connection with their opposition — and even assuming the truth of Plaintiffs' allegations and averments and drawing all inferences in their favor — the

---

[2] For this reason, even if the Court were to conclude that it had personal jurisdiction over Signatures, it would dismiss Plaintiffs' claims against it on the merits for failure to plead facts with enough specificity to give Signatures "fair notice of what the [Plaintiffs'] claim is and the ground upon which it rests." *Medina*, 2004 WL 136636, at *6. The materials submitted in connection with Plaintiffs' opposition to Signature's motion would not change that conclusion, moreover, because, as is "well-settled[,] . . . a complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers." *Volunteer Fire Ass'n of Tappan, Inc. v. Cty. of Rockland*, No. 09-CV-4622 (CS), 2010 WL 4968247, at *5 (S.D.N.Y. Nov. 24, 2010) (alteration and internal quotation marks omitted).

Court concludes that Plaintiffs have failed to make a *prima facie* case that personal jurisdiction exists. The Court will address each of Plaintiffs' arguments based on that material in turn.

First, Plaintiffs argue that their photographs were and are licensed through "New York corporations with headquarters in New York City" and that Plaintiffs' "contributor agreements" (apparently with those corporations) "are governed by New York law [and] are currently the subject of related litigation in this District." Pls.' Opp'n 9. But those are examples of *Plaintiffs* transacting business in New York — not of Signatures doing so. Similarly, Plaintiffs argue that the photographs that Signatures allegedly infringed "were created under credentials obtained from New York-based entities," namely the National Football League and Major League Baseball. *Id.* at 10. Again, however, those are at most examples of Plaintiffs, not Signatures, doing business in New York.

Next, Plaintiffs seek to connect Signatures's conduct to New York by pointing out that the parties' affidavits and declarations indicate that Signatures obtains "all of [its] products" either at "the National Sports Convention" or through "private signings, which are arranged through either Photo File or Pro-Look." *Id.* at 9. Because one of those companies — Photo File — is a New York corporation, Plaintiffs contend that "there is a high probability" that Signatures obtained the photos in question by transacting with a New York company. *Id.* But, as Plaintiffs implicitly concede, there is *at most* a "probability" that that was the case. Even drawing every reasonable inference in Plaintiffs' favor, the most the Court can conclude is that some of Signatures's products are obtained through business transactions with a New York company. But Plaintiffs have nowhere alleged or averred that the photos at issue in this case — that is, the allegedly infringing photos that are the subject of this lawsuit — were. And in the absence of an "affiliation between the forum and the underlying controversy, . . . specific jurisdiction is lacking

6

*regardless of the extent of a defendant's unconnected activities in the State.*" *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781 (internal quotation marks omitted) (emphasis added).

Plaintiffs also point to a contract that SportsMem, LLC — the operator of a website through which the allegedly infringing photos were offered for sale, and formerly a defendant in this lawsuit — recently distributed to its vendors, likely including Signatures. Pls.' Opp'n 10. According to Plaintiffs, that contract "expressly provides that any disputes be brought in New York and governed by New York law," meaning that if Signatures has signed the contract, it has "waived" any objection to personal jurisdiction in New York. *Id.* But that is incorrect: Even if Signatures has agreed to litigate any disputes arising out of that contract in New York, that does not mean that it has agreed to do so with respect to *this* dispute, against a different counterparty and involving allegations of infringement that pre-date the contract. Stated differently, that contract — assuming Signatures has even signed it — is insufficient to subject Signatures to general jurisdiction in New York, and similarly insufficient to connect *Plaintiffs'* claims to New York for purposes of specific jurisdiction. Next, although Plaintiffs concede that Signatures does not advertise its products in New York, they argue that SportsMem does and often "uses vendor products to populate such advertisements." *Id.* at 9. Plaintiffs thus seek to establish personal jurisdiction over Signatures by relying on SportsMem's "direct[]" and "unquestion[ed]" targeting of New York consumers. *Id.* at 10. But Plaintiffs do not even allege that SportsMem populated any such advertisements with any of *Signatures's* products. Even assuming (without deciding) that such an allegation would suffice, Plaintiffs thus fall far short of connecting Signatures's allegedly infringing activities to New York State.

Finally, Plaintiffs argue that, "[a]t the very least, discovery . . . should be permitted" on certain factual issues related to personal jurisdiction. Pls.' Opp'n 10. Whether to allow such

7

discovery is "[u]ltimately . . . committed to a trial judge's broad discretion." *In re Terrorist Attacks on Sept. 11, 2001*, 689 F. Supp. 2d 552, 566 (S.D.N.Y. 2010) (collecting cases). The Court will deny Plaintiffs' request in this instance for two independent reasons. First, Plaintiffs' failure to make any showing that Signatures committed any tortious acts connected to New York State is such that they have not even cleared the "threshold" that might entitle them to discovery. *See, e.g.*, *Lehigh Val. Indus., Inc. v. Birenbaum*, 527 F.2d 87, 94 (2d Cir. 1975) (affirming the denial of jurisdictional discovery because of "a threshold failure . . . to establish any basis for finding that [the defendant] committed any tortious activity in New York"). Second, even if the Court had jurisdiction over Signatures, the absence of any allegations in the Second Amended Complaint relating to Signatures specifically means that Plaintiffs claims would be subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure anyway. *See, e.g.*, *Ochre LLC*, 2012 WL 6082387, at *7; *Medina*, 2004 WL 136636, at *6.

For the foregoing reasons, Plaintiffs' claims against Signatures must be and are DISMISSED without prejudice for lack of personal jurisdiction. The Clerk of Court is directed to terminate Docket No. 144 and — because this Memorandum Opinion and Order resolves the last remaining claims in this action — to close the case.

SO ORDERED.

Dated: July 18, 2019  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge